UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MICHAEL FIORITO, | Case No. 5:17-cv-01894-JFW (KES) |
|---|---|
| Petitioner, | |
| v. | FINAL REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| C. ENTZEL, Warden, | |
| Respondent. | |

This Report and Recommendation ("R&R") is submitted to the Honorable John F. Walter, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**BACKGROUND**

**A.  Allegations in the Petition.**

On August 7, 2017, Petitioner Michael Fiorito, a prisoner in federal custody, constructively filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (Dkt. 1.) Although Petitioner is currently housed in California, the

events giving rise to the Petition occurred while Petitioner was housed at a Federal Correctional Institution ("FCI") in Ashland, Kentucky between December 10, 2016 and February 21, 2017. (Id. at ¶ 3.)[1]

The Petition alleges that when Petitioner was housed at FCI Ashland, he was assigned to work in food service. (Id. at ¶ 8.) He filed grievances against his supervisor and other kitchen workers "for serving inmates contaminated food" and "allowing 'special' inmates to steal food out of the kitchen." (Id. at ¶ 38.) In December 2016, Petitioner reported for food service work with a swollen ankle. (Id. at ¶¶ 8-11.) Petitioner's supervisor ordered Petitioner to perform work that he knew Petitioner was incapable of performing and ultimately filed a false incident report against Petitioner. (Id. at ¶¶ 12-22.)

Petitioner told a lieutenant at FCI Ashland that he wanted to challenge the report, including submitting evidence from other inmates who were kitchen workers and his medical records. (Id. at 23-26.) When the relevant hearing was held on January 3, 2017, however, officials refused to allow Petitioner to put on any evidence and found him guilty. (Id. at ¶¶ 29-34.) Petitioner appealed this ruling, and the appeal was denied. (Id. at ¶ 47.) Petitioner did not lose any good time credits,[2] but he "was given a disciplinary transfer to the most dangerous FCI in the BOP [Bureau of Prisons], his security score was artificially increased, and he lost all email privileges." (Id. at ¶¶ 34-36.)

The Petition raises three claims. First, Petitioner alleges that his Due Process rights were violated because he was not allowed to call witnesses, present evidence, or have a staff representative present at the Kentucky disciplinary hearing, and his

---

[1] See also BOP Inmate Locator, https://www.bop.gov/inmateloc .

[2] Petitioner alleges that officials decided "not to take any good time as a punishment so Petitioner would not be able to attack the [incident report] in court." (Petition at ¶ 34.)

request for a continuance to gather evidence and speak to his staff representative was denied. (Id. at ¶ 41.) Second, Petitioner alleges that his First Amendment rights were violated because his food service supervisor issued the incident report in order to retaliate against him for filing grievances against the supervisor and kitchen staff. (Id. at ¶¶ 56-58.) Third, Petitioner alleges that the officials at FCI Ashland violated BOP policies. (Id. at ¶¶ 51-55, 64-68.)

The Petition asks the Court to "order the BOP to expunge the false incident report [and] place [Petitioner] back in the position he was in before it was issued." (Id. at 17.)

**B.  Initial R&R and Petitioner's Objections.**

On October 11, 2017, the undersigned Magistrate Judge issued an initial R&R recommending that the Petition be dismissed without prejudice. (Dkt. 4.) The R&R concluded that the claims raised in the Petition were more appropriately raised in a civil rights action because granting the relief sought therein would not necessarily lead to Petitioner's immediate or earlier release from confinement. (Id. at 3-5.) The R&R recommended against construing the Petition as a civil rights complaint, because the appropriate forum for such a complaint would be Kentucky. (Id. at 5-6.)

Petitioner timely filed objections to the initial R&R. (Dkt. 6.) He presents a number of arguments as to why he should be allowed to bring his claims in a § 2241 petition rather than in a civil rights action. (Id.) This final R&R addresses those objections.

**II.**

**DISCUSSION**

**A.  Petitioner's Claims are Not Cognizable in a Petition for Habeas Corpus.**

**1.  Applicable Law.**

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint. See Muhammad v. Close, 540 U.S. 749, 750 (2004). "[H]abeas is the exclusive vehicle

3

for claims brought by state prisoners that fall within the core of habeas corpus, and such claims may not be brought in a § 1983 [civil rights] action." Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc). In Nettles, the Ninth Circuit adopted "the correlative rule that a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." Id. The Ninth Circuit held that claims challenging "the fact or duration of the conviction or sentence" are within the core of habeas, while claims challenging "any other aspect of prison life" are properly brought as civil rights actions. Id. at 934.

Nettles's petition brought a claim similar to Petitioner's: Nettles challenged disciplinary proceedings on constitutional grounds, and he argued that "his claims affect the duration of his sentence because if he succeeded in expunging his 2008 rules violation report, the [Parole] Board would more likely set his next parole hearing at an earlier date … and would be more likely to give him a favorable parole ruling." Id. at 934. However, the Ninth Circuit concluded that Nettles's petition did not fall within the "core" of habeas "[b]ecause success on Nettles's claims would not necessarily lead to his immediate or earlier release from confinement," since the parole board would consider other factors than merely the rules violation. Id. at 935.

However, Nettles was a state prisoner, and the decision in Nettles declined to address "how the standard … adopted here applies to relief sought by prisoners in *federal* custody." Id. at 931 (emphasis added). In an earlier case, Bostic v. Carlson, 884 F.2d 1267 (9th Cir. 1989), the Ninth Circuit held:

> Habeas corpus jurisdiction is available under 28 U.S.C. sec. 2241 for a prisoner's claims that he has been denied good time credits without due process of law. … Habeas corpus jurisdiction is also available for a prisoner's claims that he has been subjected to greater restrictions of his liberty, such as disciplinary segregation, without due process of law. … Habeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement

4

is likely to accelerate the prisoner's eligibility for parole.

Id. at 1269. Nettles overruled Bostic for prisoners in state custody, but appears to have left Bostic intact with regard to federal prisoners.

In an unpublished decision following Nettles, the Ninth Circuit found that a district court had subject matter jurisdiction over a § 2241 petition brought by a federal prisoner that "challeng[ed] a disciplinary proceeding in which he was sanctioned with the disallowance of good conduct time[.]" Crosby v. Shinn, 695 F. App'x 275 (9th Cir. Aug. 14, 2017); see also Reid v. Shartle, No. 15-00083, 2017 U.S. Dist. LEXIS 132398, 2017 WL 3582309 (D. Ariz. Aug. 18, 2017). Additionally, district courts have held that Nettles does not preclude a federal prisoner from using a § 2241 habeas petition to seek a "quantum change in custody," i.e., a transfer from administrative segregation to the prison's general population. See Miller v. Fox, No. 15-06888-DMG (AFM), 2017 U.S. Dist. LEXIS 65157 at *4, 2017 WL 1591939 at *2 (C.D. Cal. Feb. 1, 2017), R&R adopted (C.D. Cal. Apr. 28, 2017); Johnson v. Matevousian, No. 15-00600, 2017 U.S. Dist. LEXIS 14924 at *7-8, 2017 WL 469360 at *3 (E.D. Cal. Feb. 2, 2017); see also McQuown v. Ives, No. 15-01927-KI, 2017 U.S. Dist. LEXIS 10679, at *10, 2017 WL 359181, at *4 n.1 (D. Or. Jan. 24, 2017).

However, where a federal habeas petitioner challenges a disciplinary proceeding that did not result in the loss of good conduct time or confinement in administrative segregation, the proper vehicle for such claims is a civil rights complaint rather than a habeas petition. See e.g., Strouse v. Shartle, No. 16-00237, 2017 U.S. Dist. LEXIS 77284 at *9-11, 2017 WL 2224926 at *3 (D. Ariz. May 22, 2017) (dismissing § 2241 petition challenging petitioner's custody classification and disciplinary proceedings resulting in loss of commissary privileges, but not loss of good conduct time, because such claims were properly brought as civil right claims).

**2.  Analysis.**

Petitioner admits that the disciplinary proceedings he challenges did not result

in placement in administrative segregation or loss of good conduct time; rather, he alleges that he was transferred to another correctional institution, his security score was increased, and he lost email privileges. (Dkt. 1 at 7-8 ¶¶ 34-36.) If the Court were to grant Petitioner the relief he seeks and expunge the incident report, this would not lead to his earlier release from custody, but merely a change in the conditions of Petitioner's confinement. Accordingly, his claims fall outside the core of habeas corpus and should be brought, if at all, in a civil rights action.

In his objections, Petitioner argues that he "has suffered atypical and significant hardship" and a "quantum change in [his] level of confinement" because, as a result of the incident report, he was transferred to a more dangerous federal prison in California and "his security score [was] artificially inflated." (Dkt. 6 at 5-6, 11-12.)[3] But transfer from one prison to another is not a "quantum change in custody" for purposes of habeas jurisdiction. See Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991) (distinguishing a "quantum change in the level of custody" such as "the run of the prison in contrast to … disciplinary segregation," which can be challenged in a habeas petition, from transfer to "a different program or location or environment," which should be challenged in a civil rights action "even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive"); Lopez v. Perry, No. 15-2218, 2017 WL 1740470 at *2-4, 2017 U.S. Dist. LEXIS 68568 at *7-10 (E.D. Cal. May 4, 2017) (finding that transfer between prisons was not a "quantum change in custody"); see also Meachum v. Fano, 427 U.S. 215, 224 (1976) ("[W]e cannot agree that *any* change in the conditions of

---

[3] After the filing of Petitioner's objections, he was transferred to a facility in Colorado. (Dkt. 9.) Petitioner has filed a separate § 2241 habeas petition in this Court challenging his placement in administrative segregation while housed in California. See Fiorito v. Warden Entzel, 5:17-cv-01435-JFW-KES. This placement was based on a separate incident unrelated to the Kentucky incident report.

6

confinement having a substantial adverse impact on the prisoner involved is sufficient to invoke the protections of the Due Process Clause. … The Constitution does not … guarantee that the convicted prisoner will be placed in any particular prison…."). Petitioner's objections cite <u>Sandin v. Conner</u>, 515 U.S. 472 (1995) for the proposition that § 2241 is the proper vehicle for his claim (Dkt. 6 at 11), but <u>Sandin</u> was a civil rights action under 42 U.S.C. § 1983, not a habeas proceeding. 515 U.S. at 475.

In the objections, Petitioner also argues, "A ruling that denies Petitioner the ability to use 2241 as a vehicle in this case would not be in the interest of public policy" because it would "allow[] the BOP to disregard Petitioner[']s … Due Process rights…." (Dkt. 6 at 7.) However, the Court's dismissal without prejudice of Petitioner's habeas petition would not prevent Petitioner from bringing a civil rights action in Kentucky alleging the same Due Process claim.

**B.     The Court Will Not Convert the Petition into a Civil Rights Complaint.**

In some circumstances, a district court may convert an improperly filed habeas petition into a civil rights complaint. <u>See</u> <u>Nettles</u>, 840 F.3d at 935-36. "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the <u>pro se</u> litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." <u>Id.</u> at 936 (quoting <u>Glaus v. Anderson</u>, 408 F.3d 382 (7th Cir. 2005)).

In the present case, the Petition is not amenable to conversion for several reasons. First, there are no allegations against the named Respondent, who is the warden of the facility where Petitioner is currently housed (FCI Victorville in California) but not the warden of the facility where the disciplinary proceedings at issue occurred (FCI Ashland in Kentucky). <u>See</u>, e.g., <u>Williams v. Paramo</u>, No. 16-2928, 2017 U.S. Dist. LEXIS 162848 at *6-8, 2017 WL 4355034 at *3 (E.D. Cal. Oct. 2, 2017) (declining to convert petition where improper respondent named).

Second, the appropriate forum for a civil rights complaint challenging these disciplinary proceedings is likely the U.S. District Court for the Eastern District of Kentucky, the district where FCI Ashland, and presumably the defendants Petitioner would name, are located. See 28 U.S.C. § 97 (defining federal judicial districts in Kentucky); 28 U.S.C. § 1391(b) (providing that venue is proper in the judicial district where (1) any defendant resides, if all defendants are residents of the State in which the district is located, (2) a substantial part of the events or omissions giving rise to the claim occurred, or (3) any defendant is subject to the court's personal jurisdiction, if neither (1) nor (2) are met).

## IV.
## CONCLUSION

IT IS THEREFORE RECOMMENDED that the District Court issue an Order: (1) approving and accepting this Report and Recommendation; and (2) directing that Judgment be entered dismissing the Petition without prejudice to Petitioner filing a civil rights complaint in Kentucky raising these claims.

DATED: December 11, 2017

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to timely file Objections as provided in the Federal Rules of Civil Procedure and the instructions attached to this Report. This Report and any Objections will be reviewed by the District Judge whose initials appear in the case docket number.